IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY FERGUSON**, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>**COOK COUNTY, ILLINOIS**, a municipal corporation, **CITY OF CHICAGO**, a municipal corporation, **RICHARD BEDNAREK**, an individual and as an employee of the Chicago Police Department and an employee of D-BATS, Inc.,<br>**JOHN D. BARLOGA**, an individual and as an employee of the Cook County Sheriff,<br>**ABELARDO MERCADO**, an individual and as an employee of the Cook County Sheriff,<br>**EDDIE ISHOO**, an individual and as an employee of the Cook County Sheriff, and<br>**D-BATS Inc**., an Illinois corporation.<br><br>  Defendants. | Initial Status Report<br><br>Case No. 1:20-cv-04046 |

## **JOINT STATUS REPORT**

On February 28, 2022, this Court ordered the parties to file a Joint Status Report addressing the following six topics[1]. The parties respond as follows:

(1) whether the aforesaid responses and objections were served on time;

**A. The parties engaged in a detailed Rule 26 conference at 11:30 am on March 15, 2022. Based on that discussion, the following responses are provided. As to Plaintiff's Responses to Defendant City's written discovery, Plaintiff has tendered responses to all parties interrogatories, but had not yet tendered responses to the City's First Set of Requests**

---

[1] The Court also noted in its order that an attorney for the City failed to appear at a hearing. The City apologizes to the Court for missing the hearing. The City was in the process of assigning a new attorney to the case, and the supervising attorney mis-docketed the hearing. The City assures the Court that this will not happen again.

**for Production at the time of the 11:30 am conference. Since that conference's conclusion, that has been corrected. At this time, Plaintiff has provided responses to requests for production from all Defendants.**

**B. All Defendants have recently received responses to discovery and will require additional time for review. The undersigned counsel apologizes for the issues with discovery production that occurred up to this point. Prior to this time, Attorney Wasik was in charge of handling the written discovery issues related to this case. The undersigned has recently learned that, for a number of reasons, Mr. Wasik was unable to handle that task. Plaintiff has asked him to withdraw and his motion is expected imminently. With the undersigned now taking charge of the entirety of this case, there should be no further issues. The undersigned further apologizes for not appearing at the prior status hearing. At the time, the undersigned was in Washington, D.C. to argue before the Supreme Court of the United States in *Kahn v. U.S.* (21-5261—consolidated with *Ruan v U.S.* (20-1410). That argument took place on March 1, 2022. In the midst of preparation for that argument, the undersigned did not even realize this hearing was scheduled. Nor that Mr. Wasik would not appear. It will not be an issue in the future.**

(2) the progress of all discovery, and particularly the plaintiff's plans for completion of it;

Since the Court's order, Plaintiff has tendered answers to all of the written discovery he owed.

(3) the parties' plans for the noticing of oral depositions, along with the dates by which those depositions will be noticed so that they are completed within the fact discovery period;

**The parties anticipate taking 10-15 depositions, with the possibility of that number increasing based on a review of the discovery. Additionally, the parties intend on filing a motion seeking to extend fact discovery to December 30, 2022.**

(4) any reason why either or both parties believe the fact discovery period should or should not be extended, and if so, for how long and to do precisely what discovery;

**The parties request that discovery be extended to December 30, 2022. This will allow sufficient time for Defendants to review the recently tendered written responses to discovery and determine whether any follow-up is necessary. This also allows sufficient time for the depositions to be scheduled, since there are multiple sets of attorneys' schedules that need to be taken into account in addition to the witnesses'. Based on some of the issues with counsel who is about to withdraw, Plaintiff intends on issuing written discovery to the Defendants and asking the Court leave to do so. Plaintiff will make that request within the next 7 days. Discovery requests are already prepared and can be sent out as soon as the Court grants leave.**

(5) whether expert discovery is anticipated by any party and if so, a contested or agreed schedule for the same;

**The parties do not anticipate expert discovery being necessary, but reserves the right to retain an expert to rebut any experts retained by Plaintiff. Should expert discovery take place, the parties would request a staggered expert discovery schedule. Counsel for the County Defendants reserves the right to retain an expert, at least on liability, in light of the allegations in Plaintiff's complaint.**

(6) whether the parties would like to engage in a settlement conference with the magistrate judge.
**The City does not believe a settlement conference would be productive at this time as it pertains to the claims against the City. The other parties believe that it is premature to**

**request a settlement conference. However, once discovery proceeds further, it may make sense to engage in such a conference at that time.**


Dated: March 15, 2022

Respectfully Submitted,

<u>s/s Beau B. Brindley</u>
Beau B. Brindley, Esq.
Law Offices of Beau B. Brindley
53 West Jackson Boulevard Suite 1410
Chicago, IL 60604-4176
312-765-8878
bbbrindley@gmail.com
*Attorney for Plaintiff*

<u>s/s Danielle Alvarez Clayton</u>
Danielle A Clayton
Assistant Corporation Counsel III
Marion C Moore, Chief Assistant Corporation Counsel
2 N. LaSalle Street Suite 420
Chicago, IL 60602
Danielle.Clayton@CityofChicago.org
*Attorneys for the City of Chicago*

<u>s/s Andrew D. Ellbogen</u>
Andrew. B Ellbogen
Kopka Pinkus Dolin Pc.
200 W. Adam, Suite 1200
Chicago, IL 60606
ADEllbogen@kopkalaw.com
*Attorney for Richard Bednarek*

<u>s/s John C. Coyne</u>
John C. Coyne
Law Offices of John C. Coyne
53 West Jackson Blvd.
Suite 1750
Chicago, IL  60604
jcc@johnccoynelaw.com
*Attorney for Cook County, Thomas Dart, John D Barloga, Eddie Ishoo and Abelardo Mercado*

Francis J Catania
Cook County States Attorney
Richard J Daley Center

50 W Washington St Room 530
Chicago, IL 60602
Francis.catania@cookcountyil.gov
*Additional Attorney for Cook County (to be noticed)*

## CERTIFICATE OF SERVICE

I, Beau B. Brindley, an attorney, hereby certify that on March 15, 2022 I caused the foregoing document, to be served on all counsel of record through the Court's ECF electronic docketing and filing system.

By: <u>*s/s Beau B. Brindley*</u>
Beau B. Brindley, Esq.
Law Offices of Beau B. Brindley