**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 4046 |
| | ) | |
| v. | ) | District Judge Joan B. Gottschall |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court is denying plaintiff's motion to extend the discovery cutoff to February 1, 2024 (D.E. 144) for the reasons stated below.

First, adequate consultation and planning among all counsel has not occurred. Defendants reportedly take "no position" on the proposed schedule, according to plaintiff, who also reports that no deposition notices have issued because defendants have not provided any dates on which those witnesses are available. Plaintiff's account thus indicates that the several of the directives in the Court's August 18, 2023 order (D.E. 143) have not been followed. The Court continues to extend its sympathies to plaintiff's counsel for the current trying family circumstances but must also note the avalanche of other matters that plaintiff counsel says will require another five-month discovery extension of a case that the Court has described as "aging" and that the Court has sought to "get moving" on discovery since the outset of the referral a year and a half ago. See 2/23/22 Order (D.E. 97).

Second, the discovery delays in this case have a long history. When in March 2022 the Court set the fact discovery cutoff at December 30, 2022 (D.E. 101), the Court did so based on the parties' joint status report (D.E. 100) stating that such cutoff "will allow sufficient time for Defendants to review the recently tendered written responses to discovery and determine whether any follow-up is necessary. This also allows sufficient time for the depositions to be scheduled, since there are multiple sets of attorneys' schedules that need to be taken into account in addition to the witnesses'." The Court reminded the parties again in July 2022 that deposition discovery needed to get started (D.E. 113). That was more than a year ago. In September 2022, the Court extended the discovery schedule another five months to 5/31/23 because of plaintiff's counsel's busy trial schedule (D.E. 117), but just three months later, plaintiff's counsel's commitments in other cases led the Court to express an open concern about whether discovery would conclude reasonably soon; the Court alluded to the Jarndyce and Jarndyce case from Charles Dickens' *Bleak House*. 12/5/22 Order (D.E. 124). The Court at that time warned the parties again that "oral discovery needs to begin if this matter is to proceed" and expressed a desire to accommodate plaintiff's counsel's busy litigation schedule "but only within reasonable limits." *Id.* In February 2023, the Court had to warn that plaintiff's counsel "cannot be too busy to prosecute this case."

(D.E. 130.) Three more months passed, so that by the time of the May 2023 cutoff, the parties asked for three more months, to the most recent cutoff of August 31, 2023, as they said that they were pursuing settlement in the case and that "[a]ll necessary depositions can be completed by that time" (D.E. 137). Settlement apparently not having panned out, the depositions were not completed in that time, and it appears that depositions are not even scheduled despite the Court having ordered the parties to schedule them only a month ago (D.E. 143).

Third, the Court cannot continue to grant another in an unlimited series of discovery extensions based on plaintiff's counsel's busy litigation schedule. In the latest motion for an extension, plaintiff is asking for another five months, to February 1, 2024, citing a long list of counsel's other obligations in other trial and appellate matters (D.E. 144). The Court has reached the point where it has no confidence that five months from now, it will not receive another extension motion listing another long set of other matters and litigation obligations that are preventing or have prevented the conduct of oral discovery that the Court has been almost constantly reminding the parties about completing or even beginning for quite some time now. The Jarndyce and Jarndyce analogy perhaps now has been replaced by the fictional town of Macondo, where "nothing has ever happened, and nothing ever will happen. This is a happy town." Gabriel Garcia Marquez, *One Hundred Years of Solitude* 316 (HarperPerennial 1991 ed.). It is long past time for the discovery obligations in this case to take on a greater priority if plaintiff truly wishes to prosecute this case. In the meantime, the Court must manage discovery within its substantial discretion and in the interest of promoting the just, speedy, and inexpensive determination of the action. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013); Fed. R. Civ. P. 1.

As this case currently stands, discovery is closed. The Court will entertain a motion to re-open it, but not until after it receives a proper Rule 26(f) report detailing the results of the parties' conference(s) to ensure compliance with the Court's August 18, 2023 Order, which was entered for a reason: To ensure that discovery would proceed and be completed. The Rule 26(f) report is due by noon on September 28, 2023. The report should confirm the scheduling of all remaining depositions and remaining discovery, along with a contested or agreed final discovery cutoff (and not a statement that any party is taking "no position"). The Court will then enter a further order finalizing the discovery schedule one last time.

**SO ORDERED.**

                                                      ENTER:

                                                      **GABRIEL A. FUENTES**
                                                      **United States Magistrate Judge**

**DATED: September 12, 2023**