**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TIMOTHY FERGUSON**, an individual,<br><br>  Plaintiff,<br><br>       v.<br><br>**COOK COUNTY, ILLINOIS**, a municipal corporation, **CITY OF CHICAGO**, a municipal corporation, **RICHARD BEDNAREK**, an individual and as an employee of the Chicago Police Department and an employee of D-BATS, Inc.,<br>**JOHN D. BARLOGA**, an individual and as an employee of the Cook County Sheriff,<br>**ABELARDO MERCADO**, an individual and as an employee of the Cook County Sheriff,<br>**EDDIE ISHOO**, an individual and as an employee of the Cook County Sheriff, and<br>**D-BATS Inc**., an Illinois corporation.<br><br>  Defendants. | Case No. 1:20-cv-04046<br><br>Honorable Joan B. Gottschall<br><br>Magistrate Gabriel A. Fuentes |

**<u>DEFENDANTS BEDNAREK'S and D-BATS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

Thomas J. Olson
KOPKA PINKUS DOLIN PC
200 W. Adams Street, Suite 1200
Chicago, IL 60606
(312) 782-9920
(312) 782-9965 – Fax
E-mail: tjolson@kopkalaw.com
Attorney No.: 6278169
*Attorney for the Defendants Richard Bednarek and D-BATS, Inc.*

1

**TABLE OF CONTENTS**

Introduction Pertinent Undisputed Facts………………………………………..………4

Introduction Procedural Posture……………………………………………….....….5

Argument………………………………………………………………………....….6

    I.     Legal Standards……………………………………………………..…….6

    II.    Summary Judgment Should Be Granted in Defendants' Favor………..……8

          a.  Failure to Comply With Rule 26(a)…………………………………..8

          b.  Plaintiff was a trespasser and therefore was lawfully detained, negating any claim of False Imprisonment……………………………10

          c.  Lawful detention is a matter of expert opinion and Plaintiff does not have an expert…………………………………………..…..12

          d.  There is no evidence of conspiracy……………………………………14

          e.  The conduct does not rise to a level of intentional infliction of emotional distress…………………………………………………...15

    III.   Conclusion……………………………………………………………………16

# **TABLE OF AUTHORITIES**

**Cases**

*Chaib v. Indiana*, 744 F.3d 974, 981 (7th Cir. 2014)……………………………...………6
*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)………………………………...……..6, 10
*People v. Yutt*, 231 Ill. App. 3d 718, 721 (3rd Sit. 1992)……………………….………7, 11
*People v Mortenson*, 178 Ill. App. 3d 871, 874-875 (2nd Dist. 1989)……………….…….7, 11
*People v. Ulatowski*, 54 Ill. App. 3d 893, 897 (4th Dist. 1977)………………………….…7, 11
*Reynolds v. Menard, Inc.*, 365 Ill. App. 3d 812, 819 (1st Dist. 2006)………………….….7, 12
*Meerbre v. Marshall Field & Co.*, 139 Ill. 3d 455, 474 (1990)……………………..……..7, 12
*Dutton v. Roo-Mac*, 100 Ill. App. 3d 116, 119 (2nd Dist. 1981)…………………………….7
*Odorizzi v. A.O. Smith Corp.*, 452 F. 2d 229, 231 (7th Cir. 1971)……………………………7
*Selep v. City of Chicago*, 842 F. Supp. 1068, 1071 (N.D. Ill. 1993)……………………7, 8, 15
*Scherer v. Balkema,* 840 F.2d 437, 442 (7th Cir.)……………………………………………7
*Vasquez v. Hernandez*, 60 F. 3d 325, 328 (7th Cir. 1995)……………………...…………8, 13
*McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988)…………………………………..……8, 15, 16
*Doe v. Calumet City*, 161 Ill. 2d 374, 392 (1994)…………………………………….……8, 15
*Novak v. Board of Trustees*, 777 F. 3d 966 (7th Cir. 2015)…………………………...………9
*Johnson v. C.R. Bard, Inc.*, 77 F. 4th 641, 646 (7th Cir. 2023)…………………..…………..9
*Finch v. Fort Motor Co.*, 2004 U.S. Dist. LEXIS 17626……………………………………9
*Miksis v. Howard*, 106 F. 3d 754, 760 (7th Cir. 1997)…………………………………….…9
*Finley v. Marathon Oil Co.*, 75 F. 3d 1225 (7th Cir. 1996)………………………………….9
*Quinn v. Wexford Health Sources, Inc.*, 8 F.4th 557, 567 (7th Cir. 2021)………….…………10
*Berke v.Manilow*, 2016 IL App (1st) 150397…………………………………………….12, 15
*Mann v. Producer's Chemical Co.*, 356 Ill. App. 3d 967 (1st Dist. 2005)…………….……12, 15
*Householder v. Prudential Ins. Co.*, 130 Ill. App. 3d 184 (1st Dist. 1970)…………….....………12
*Shramek v. General Motors Corp., Chevrolet Motor Division*, 12
69 Ill. App. 3d 72 (1st Dist. 1966)………………………………………………...………..12
*Jackson v. Chi. Classic Janitorial & Cleaning Serv., Inc.*, 355 Ill. App. 3d 906
(1st Dist. 2005)……………………………………………………………………..…………13
*People v. Gocmen*, 2018 IL 122388……………………………………………………………13
*Bloomgren v. Fire Ins. Exchange*, 162 Ill. App. 3d 594 (3rd Dist. 1987)………………………13
*Wilson v. Chicago Transit Authority*, 118 Ill. App. 3d 714 (1st Dist. 1983)……………………13
*People v. Wear*, 229 Ill. 3d 545 (2008)……………………………………………………13

**Statutes**

Fed. R. Civ. P. 56(c)……………………………………………………………………….6
720 ILCS 5/21-3……………………………………………………………………….……..7
Fed. R. Civ. P. 26(a)……………………………………………………………………….8

## INTRODUCTION

### Pertinent Undisputed Facts

This case arises from an eviction matter and service of a five-day notice to vacate the premises. Richard Bednarek ("Bednarek"), a special process server employed by D-BATS, Inc. ("DBI") went to the residence at 7038 West 72nd Street in Chicago, Illinois (the "Property") on or about July 12, 2019 to serve a five-day notice on the occupant of the Property, Shaun Halloran. (Collectively, where appropriate, Bednarek and DBI will be referred to as "D-BATS.") Plaintiff, who claims to be the Property manager, came to the scene and Cook County Sheriff deputies (the "Deputies") were called to the scene by Bednarek, who stated to the Deputies that Plaintiff was a trespasser and further requested that Plaintiff be arrested. The Deputies detained Plaintiff by placing him in handcuffs and into their vehicle as they dealt with the situation. Plaintiff claims that D-BATS and the Deputies, independently and in concert, committed certain torts and violations of his civil rights.

Pertinent Court orders and occurrences prior to July 12, 2019, include:

- On June 29, 2018, the Circuit Court of Cook County appointed Vicki Gow ("Gow") as Independent Executor of the Estate of Ida Cardwell. See, L.R. 56.1 Statement of Facts, ¶1, 2. On February 20, 2020, the Circuit Court of Cook County issued an order noting that it had never removed Gow as the Independent Executor of the Estate of Ida Cardwell, and the Estate of Ida Cardwell was granted leave to file an eviction action for the Property so as to evict a tenant. See, L.R. 56.1 Statement of Facts, ¶2. Despite this Order, Plaintiff and/or Plaintiff's father continued to rent the Property to tenants and collect rent payments from them.

- On May 9, 2019, D-BATS went to the Property to serve a five-day eviction notice. It is not disputed that Plaintiff was present on May 9, 2019 when D-BATS served the five-day notice by placing it inside the residence, just inside the front door. See, L.R. 56.1 Statement of Facts, ¶7, 8.

- On May 31, 2019, DBI was appointed as special process server to serve the five-day notice referenced in the Complaint. See, L.R. 56.1 Statement of Facts, ¶10.

- Gow retained DBI, and Bednarek acted as her agent on July 12, 2019. See, L.R. 56.1 Statement of Facts, ¶12.

**Procedural Posture**

On July 9, 2020, Plaintiff filed his Complaint against D-BATS, and other Defendants, asserting 14 Counts against Bednarek and/or DBI. Numerous Counts were dismissed pursuant to D-BATS' Rule 12(b)(6) motion, and Plaintiff was allowed to proceed with only the following claims:

a. Count II and VI against Bednarek only (Section 1983 False Imprisonment, Section 1983 Conspiracy), and
b. DBI remained as a Defendant in Counts IX, X and XI against DBI (civil conspiracy, intentional infliction of emotional distress, and false imprisonment). Dkt. 76, 77.[1]

Discovery was delayed numerous times, and for years, primarily due to Plaintiff's counsel's conflicting schedule. Dkt. 146, 150, 153, 155, 159.[2] The delays ultimately led this Court to bar Plaintiff from taking the depositions of the Deputies and Bednarek. Dkt. 150, 159.

Numerous orders prior to Feb. 20, 2024 included language setting discovery deadlines and closing discovery, and extensions were provided per the language in subsequent orders. But the

---

[1] D-BATS' motion to clarify the Court order on its motion to dismiss was granted, clarifying the remaining counts against DBI. Dkt. 79.
[2] Rather than refer the Court to all the Orders documenting the delays in discovery, D-BATS directs this Court's attention to Dkt. 146, the Order dated Sept. 12, 2023, which provides a history of discovery delays and extensions prior to that date.

Feb. 20, 2024 Order, the most recent, stated "Fact discovery is closed…" Dkt. 159. Expert discovery remained open and was set to close on May 31, 2024. Dkt. 159.

To date, Plaintiff has not made or produced any FRCP 26(a) trial witness disclosures; Plaintiff has not disclosed any fact witnesses, treatment providers or retained experts in accordance with FRCP 26 and this Court's aforementioned orders.

## ARGUMENT

There are no genuine issues of material fact that: (a) Plaintiff failed to make FRCP 26(a) disclosures; (b) Plaintiff was a trespasser on the Property and was informed of this status, yet refused to leave, and was therefore lawfully detained. Further, there is no evidence supporting any claim of conspiracy nor a claim for intentional infliction of emotional distress. For these reasons, D-BATS' motion for summary judgment should be granted.

**I.   Legal Standards**

   a. Summary Judgment

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, *Chaib v. Indiana*, 744 F.3d 974, 981 (7th Cir. 2014). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party has properly supported its motion, the burden shifts to the nonmoving party to show specific facts to support the need to resolve fact issues at trial. *Chaib*, 744 F.3d at 981. Defendants meet their burden of showing that there are no triable issues here.

b. Trespassing

Section 720 ILCS 5/21-3 provides that a person commits criminal trespass to real property when he: * * * (2) enters upon the land of another, after receiving, prior to entry, notice from the owner pant that the entry is forbidden; (3) remains upon the land of another, after receiving notice from the owner to depart; * * *. 720 ILCS 5/21-3(a)(2) and (3); see also, *People v. Yutt*, 231 Ill. App. 3d 718, 721 (3rd Sit. 1992). The statute "forbids entry on to the property of another, knowing that such entry is forbidden [and] forbids remaining on the property after having been told to leave, without regard to the lawfulness of the initial entry." *Yutt* at 721; see also, *People v Mortenson*, 178 Ill. App. 3d 871, 874-875 (2nd Dist. 1989); *People v. Ulatowski*, 54 Ill. App. 3d 893, 897 (4th Dist. 1977).

c. False Imprisonment

"A claim for false imprisonment requires showing that 'the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Reynolds v. Menard, Inc*., 365 Ill. App. 3d 812, 819 (1st Dist. 2006); see also, *Meerbre v. Marshall Field & Co*., 139 Ill. 3d 455, 474 (1990). "[T]he mere act of giving information to the police is insufficient to constitute participation in an arrest." *Dutton v. Roo-Mac*, 100 Ill. App. 3d 116, 119 (2nd Dist. 1981); *Odorizzi v. A.O. Smith Corp*., 452 F. 2d 229, 231 (7th Cir. 1971).

d. Section 1983 Conspiracy

"To establish a prima facie case of a §1983 conspiracy, a plaintiff must demonstrate (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Selep v. City of Chicago*, 842 F. Supp. 1068, 1071 (N.D. Ill. 1993); *Scherer v.*

7

*Balkema,* 840 F.2d 437, 442 (7th Cir.), *cert. denied,* 486 U.S. 1043, 100 L. Ed. 2d 620, 108 S. Ct. 2035 (1988). "These requirements are not predicated on language in §1983, much less §1985; rather, they are simply the necessary elements of any civil conspiracy, as applied to §1983." *Selep* at 1071. To sustain a cause of action under §1983, a plaintiff must show (1) a conspiracy existed and that (2) the conspiracy deprived him of rights protected by federal law. *Vasquez v. Hernandez*, 60 F. 3d 325, 328 (7th Cir. 1995).

   e. Intentional Infliction of Emotional Distress ("IIED")

To succeed on an IIED claim, a plaintiff must show that (1) the defendant engaged in conduct that was "extreme and outrageous," (2) the defendant intended to inflict severe emotional distress or knew that there was a "high probability" that his conduct would cause the plaintiff to experience severe emotional distress, and (3) the defendant's "conduct must in fact cause severe emotional distress." *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988). "[W]hether conduct is extreme and outrageous is judged on an objective standard." *Doe v. Calumet City*, 161 Ill. 2d 374, 392 (1994). Liability can only be found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community. *McGrath* at 86. Liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id*.

   II.   **Summary Judgment Should be Granted in D-BATS' Favor**

      a. **Plaintiff Never Produced FRCP 26(a) Disclosures**

FRCP 26(a) states, in relevant part:

(A) "a party must, without awaiting a discovery request, provide the other parties:

8

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to supports its claims or defenses…

(C) A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order…

(E) A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigate the case…"

"Failure to comply with the disclosure requirements of Rule 26(a) results in automatic and mandatory exclusion of the proffered witness unless the failure was substantially justified or is harmless." *Novak v. Board of Trustees*, 777 F. 3d 966 (7th Cir. 2015); *Johnson v. C.R. Bard, Inc.*, 77 F. 4th 641, 646 (7th Cir. 2023).

Where there is no justification for a failure to produce Rule 26(a) disclosures, exclusion of evidence is justified. *Finch v. Fort Motor Co.*, 2004 U.S. Dist. LEXIS 17626, pp. 6-7; *Miksis v. Howard*, 106 F. 3d 754, 760 (7th Cir. 1997)("a party who fails to disclose information * * * in accordance with Rule 26(a) 'shall not, unless such failure is harmless, be permitted to use as evidence at a trial…<u>any witness</u>…not so disclosed.'" *Miksis*, citing *Finley v. Marathon Oil Co.*, 75 F. 3d 1225, 1230 (7th Cir. 1996)(emphasis added).

Even giving Plaintiff the most gratuitous allowance of time to make a FRCP 26(a) Disclosure, which is years, the Feb. 20, 204 Order closed all fact discovery. Dkt. 159. To be fair, the 26(a) disclosure should have been made long prior to early 2024. D-BATS' disclosure was made on Nov. 7, 2022, or about 15.5 months prior to the fact discovery closure ordered on Feb. 20, 2024, serving as a cue to Plaintiff to make his 26(a) Disclosure. But Plaintiff never did so.

9

Due to Plaintiff's failure to produce and file a FRCP 26(a) Disclosure, he cannot be permitted to call "any witness." Not being able to call any witness leads to only one conclusion: Plaintiff cannot make a prima facie case supporting any of his claims at trial. Likewise, Plaintiff cannot create or present an issue of fact at trial and thus cannot make a prima facie case at trial supporting any of his claims. Summary judgment is proper where the nonmoving party cannot demonstrate that there is a genuine issue of fact. *Quinn v. Wexford Health Sources, Inc.*, 8 F.4th 557, 567 (7th Cir. 2021), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986)(there can be no genuine issue as to any material fact where there is a complete failure of proof concerning an essential element of the nonmoving party's case.) Here, Plaintiff would not be able to put forth any element of proof for any of his claims as he cannot call any witnesses due to his failure to produce and file a FRCP 26(a) Disclosure.

Since Plaintiff cannot call any witnesses, he cannot prove is case at trial and all Counts against Bendarek and DBI must be dismissed.

### b. There is no question of fact that Plaintiff was a trespasser and therefore Plaintiff's False Imprisonment claim must be dismissed.

On June 29, 2018, the Circuit Court of Cook County appointed Gow as Independent Executor of the Estate of Ida Cardwell. See, L.R. 56.1 Statement of Facts, ¶1, 2. On February 20, 2020, the Circuit Court of Cook County issued an order noting that it had never removed Gow as the Independent Executor of the Estate of Ida Cardwell, and the Estate of Ida Cardwell was granted leave to file an eviction action for the Property so as to evict a tenant. See, L.R. 56.1 Statement of Facts, ¶2.

On May 9, 2019, Bednarek went to the Property and served a 5-day eviction notice to the renter living there. Plaintiff was present on May 9, 2019 when the notice was served. See, L.R. 56.1 Statement of Facts, ¶7. The Cook County Sheriff was called to the scene. See, L.R. 56.1

Statement of Facts, ¶8. It was therefore no surprise to Plaintiff that he was, again, trespassing on the Property on July 12, 2019, when he was detained.

Contrary to the aforementioned Court orders and interactions, Plaintiff was on the Property on July 12, 2019, allegedly because managing the Property, that had "been in the family,"[3] on behalf of his father. See, L.R. 56.1 Statement of Facts, ¶12. Regardless of his reasoning for being at/on the Property, Plaintiff was trespassing and was informed or warned that he was trespassing. Court orders established that Gow was the Independent Administrator of the Estate of Ida Cardwell, which owned the Property, and in that capacity Gow was granted authority by the Cook County Court to serve an eviction notice on a tenant who was "renting" the Property from Plaintiff's father, who had no right to rent it in the first place.[4]

The facts and Plaintiff's conduct clearly demonstrate that he was trespassing. The Property belonged to the Estate, and Gow was the Court-appointed and Court-affirmed Independent Administrator of the Estate, giving her legal power and control over the Property as an owner of it. Plaintiff entered the Property on July 12, 2019 and was put on notice that he was trespassing prior to be handcuffed and detained. *Yutt* at 721. He was instructed to leave but remained on the Property. *Yutt* at 721, citing *Mortenson* at 874-875. Plaintiff had notice to depart the Property and refused to do so. *Ulatowski* at 897.

Plaintiff could have been arrested and charged with trespassing, and the only thing that led to him being detained only, and then released, instead of arrested and charged was Bednarek, on behalf of Gow, signing a form confirming a refusal to prosecute or pursue charges. See, L.R. 56.1 Statement of Facts, ¶17.

---

[3] The Property belonged to Ida Cardwell, Plaintiff's grandmother. Gow is Plaintiff's aunt, and Plaintiff's father is Gow's brother.
[4] Plaintiff's father, Terry Ferguson, has a decorated history of illegal acts, including illegal gun sales, illegal substance sales, and witness intimidation.

Gow was present at the scene on July 12, 2019. Even if she was not present, then Bednarek, as Gow's representative had the authority to report Plaintiff as a trespasser, leading to his detention before being released based on Bednarek's signed confirmation of a refusal to prosecute or press charges. See, L.R. 56.1 Statement of Facts, ¶17.

It not disputed, and it cannot be ignored, that Bednarek (and, therefore, DBI) did not actually place Plaintiff in handcuffs or detain him; that was done (lawfully) by the Cook County Sheriff. But even if it is considered that Bednarek participated in the detention of Plaintiff, the claim for False Imprisonment fails nonetheless because Bednarek had reasonable grounds to believe that an offense was committed by Plaintiff; he had reasonable grounds to believe that Plaintiff was trespassing. Having reasonable grounds nullifies a claim for false imprisonment. *Reynolds* at 819; *Meerbre* at 474.

Based on the foregoing, Count II against Bednarek only (Section 1983 False Imprisonment, and Count XI against DBI (false imprisonment) must be dismissed.

> **c. Lawful detention is a matter of expert opinion and Plaintiff did not retain or disclose an expert, and therefore cannot present any evidence that he was not lawfully detained or otherwise falsely imprisoned.**

"Liability against a defendant cannot be predicated on speculation, surmise or conjecture." *Berke v.Manilow*, 2016 IL App (1st) 150397, P34, citing *Mann v. Producer's Chemical Co.*, 356 Ill. App. 3d 967, 974 (1st Dist. 2005). "The question of liability should be submitted for jury determination only where there is some direct evidence supporting each material allegation of the complaint or some circumstantial evidence from which inferences of such facts clearly preponderate." *Householder v. Prudential Ins. Co.*, 130 Ill. App. 3d 184 (1st Dist. 1970); see also, *Shramek v. General Motors Corp., Chevrolet Motor Division*, 69 Ill. App. 3d 72 (1st Dist. 1966).

Expert testimony is necessary when the evidence necessary to prove allegations in a complaint "is beyond the ken of the average juror." *Jackson v. Chi. Classic Janitorial & Cleaning Serv., Inc.*, 355 Ill. App. 3d 906, 913 (1st Dist. 2005). An expert witness is required where opinions or inferences are "based on scientific, technical, or other specialized knowledge." *People v. Gocmen*, 2018 IL 122388, P25. "Expert testimony is proper when the subject matter of the inquiry is such that only a person with skill or experience in that area is capable of forming a judgment." *Bloomgren v. Fire Ins. Exchange*, 162 Ill. App. 3d 594, 599 (3rd Dist. 1987), citing *Wilson v. Chicago Transit Authority*, 118 Ill. App. 3d 714 (1st Dist. 1983).

Probable cause to arrest or detain exists when "the facts known to the officer at the time of the arrest are sufficient to lead a reasonably cautious person to believe that the arrestee has committed a crime, based on the totality of the circumstances. A 'reasonably cautious person' is not an 'average citizen' * * *" *Gocmen* at P33; see also, *People v. Wear*, 229 Ill. 3d 545, 563-564 (2008).

Contrary to the aforementioned Court orders and interactions, Plaintiff was on the Property on July 12, 2019 despite Court orders appointing Gow as Independent Executor of the Estate of Ida Cardwell (see, L.R. 56.1 Statement of Facts, ¶1, 2), and Plaintiff remained on the Property after having been warned that he was trespassing on the Property and could/would be arrested. See, L.R. 56.1 Statement of Facts, ¶14, 15. Bednarek, as Gow's representative and with an understanding of the Court orders, requested that Plaintiff be arrested for trespassing. The co-defendant Cook County Sherriff obviously had reason to believe that Plaintiff was committing a crime and therefore detained Plaintiff. There is no evidence whatsoever that Bednarek and any co-defendant Deputies coordinated or conspired to arrest or detain Plaintiff, let alone do so unlawfully as "false imprisonment." Since Plaintiff was lawfully detained, there is no false

13

imprisonment. Since there is no false imprisonment, a claim of conspiracy to commit false imprisonment cannot stand.

To sustain a cause of action under §1983, a plaintiff must show (1) a conspiracy existed and that (2) *the conspiracy deprived him of rights* protected by federal law. *Vasquez v. Hernandez*, 60 F. 3d 325, 328 (7th Cir. 1995). Here, Plaintiff was lawfully detained, not falsely imprisoned, and therefore was not deprived of any rights.

Based on the foregoing, Counts II and VI against Bednarek (Section 1983 False Imprisonment, Section 1983 Conspiracy), and Counts IX and X against DBI (civil conspiracy, false imprisonment) must be dismissed.

**d. There is no evidence of Conspiracy.**

Even if Plaintiff was falsely imprisoned, which he was not, there is no evidence supporting a claim that there was a conspiracy between D-BATS and the Deputies to falsely imprison Plaintiff.

Plaintiff was not initially at the Property on July 12, 2019, when the alleged conspiracy occurred. Thus, the alleged conspirators would have had to contrive a plot to falsely imprison Plaintiff by going to a property at which he was not living or present, hope that he went to the Property or coax him into going there, and then detain or arrest him. This is simply illogical in terms of planning/conspiring to falsely imprison Plaintiff, and lacks any factual support. Rather, Bednarek called the Cook County Sherriff while at the Property, not knowing which specific deputies would arrive on the scene. There is no evidence that Bednarek spoke to the Deputies outside of Plaintiff's presence or in a location far enough away from Plaintiff such that Plaintiff would not be able to hear any supposed plotting or planning to place him in handcuffs and detain him.

14

"To establish a prima facie case of a §1983 conspiracy, a plaintiff must demonstrate (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights, * * *." *Selep v. City of Chicago*, 842 F. Supp. 1068, 1071 (N.D. Ill. 1993).  Here, not only was Plaintiff not deprived of any rights (he was lawfully detained), Plaintiff also lacks any evidence to support any notion of there being a conspiracy.  "Liability against a defendant cannot be predicated on speculation, surmise or conjecture." *Berke v.Manilow*, 2016 IL App (1st) 150397, P34, citing *Mann v. Producer's Chemical Co.*, 356 Ill. App. 3d 967, 974 (1st Dist. 2005).

Based on the foregoing Count VI against Bednarek (Section 1983 Conspiracy), and Count IX against DBI (civil conspiracy) must be dismissed.

### e. There is no evidence that DBI's conduct rose to a level that it may be construed as outrageous in character.

To succeed on an IIED claim, a plaintiff must show that (1) the defendant engaged in conduct that was "extreme and outrageous," * * *" *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988). "[W]hether conduct is extreme and outrageous is judged on an objective standard." *Doe v. Calumet City*, 161 Ill. 2d 374, 392 (1994).  Liability can only be found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community. *McGrath* at 86.  Liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id*.

Here, DBI (via Bednarek) was appointed as a special process server to serve the five-day notice referenced in the Complaint. See, L.R. 56.1 Statement of Facts, ¶10.  Gow had already been appointed as Independent Executor of the Estate of Ida Cardwell and was granted leave to file an eviction action for the Property so as to evict a tenant. See, L.R. 56.1 Statement of Facts, ¶1, 2.  D-BATS, via Bednarek, acted as Gow's agent on July 12, 2019. See, L.R. 56.1 Statement of Facts,

¶11. On May 9, 2019, D-BATS went to the Property to serve the eviction notice. On that date, Plaintiff was present when the notice was served. Bednarek returned to the Property on July 12, 2019 to serve eviction papers. Plaintiff appeared at the Property again, and the Cook County Sheriff Officers were again called to the scene. Plaintiff was advised that he was a trespasser and would be arrested, but he refused to leave. See, L.R. 56.1 Statement of Facts, ¶14. Consistent with that warning, the Court orders appointing Gow as Independent Executor of the Estate of Ida Cardwell, and Gow's retention of Bednarek to act as her agent at the Property, a request was made to the Cook County Sherriff Officer to arrest Plaintiff. This course of conduct and events cannot be reasonably construed as so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community. *McGrath* at 86.

Additionally, Bednarek signed an agreement to not prosecute Plaintiff; Plaintiff was never arrested but instead was lawfully detained for a period of time. See, L.R. 56.1 Statement of Facts, ¶17. Liability for IIED "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id*.

Based on the foregoing, Count X against DBI (intentional infliction of emotional distress) must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants, RICHARD BEDNAREK and D-BATS Inc. respectfully request that this Honorable Court grant their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules for the United States District Court for the Northern District of Illinois.

Respectfully submitted,

RICHARD BEDNAREK and D-BATS, INC.,


*/s/ Andrew D. Ellbogen*
*/s/ Thomas J. Olson*
KOPKA PINKUS DOLIN PC


KOPKA PINKUS DOLIN PC
Andrew D. Ellbogen
Thomas J. Olson
200 West Adams Street, Suite 1200
Chicago, IL  60606
(312) 782-9920 – Phone
(312) 782-9965 – Fax
adellbogen@kopkalaw.com
tjolson@kopkalaw.com
Attorney Nos.: 6278169; 6198191