IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – PROBATE DIVISION

| | |
|---|---|
| In re Estate of: ) | |
| ) | Case No. 18 P 690 |
| IDA CARDWELL, ) | |
| ) | |
| Deceased. ) | Hon. Terrence J. McGuire |
| ) | |
| ) | |

### ORDER

This case coming to be heard on Petitioner Terry Ferguson's *Motion to Construe The Will of Ida Cardwell and for a Declaratory Judgment*. The Court, having considered the briefs, case law, and arguments of counsel, finds as follows:

### BACKGROUND

Ida Cardwell ("Ida" or "Decedent") died testate on December 6, 2012. At the time of her death, Ida was not married, and she had five (5) children: Dirk Ferguson Sr. ("Dirk"), Deborah Reynolds ("Deborah"), Golden Ferguson Jr. ("Golden"), Terry Ferguson ("Terry"), and Vickie Gow ("Vickie"). On June 29, 2018 and pursuant to Ida's March 19, 2008 will, this Court appointed Vickie as the Independent Executor and Personal Representative of the Estate. If Vickie resigned her office or failed in her duties, Terry was named as the successor executor. Under the terms of Ida's will, Dirk was given a life estate in the real property located at 7038 W. 72nd St. (the "72nd Street property"). The residue of Ida's estate was thereafter to be apportioned to her five (5) children equally. The will also created a separate trust for the sole benefit of Dirk (the "Dirk Trust"). Terry was appointed Trustee of the Dirk Trust. After Ida's death but prior to Ida's estate being opened for probate, Dirk died in 2017.

1

## **ANALYSIS**

*A. Motion to Construe the Will*

1. The real estate is titled in the name of Ida.

2. In construing the will, this Court must look within only the four corners of the document.

3. The Last Will and Testament of Ida Cardwell conveys the residue of her estate to her five children equally. Dirk's share was to be held in the Dirk Trust. Terry Ferguson was appointed as Trustee of the Dirk Trust.

4. To the Court's knowledge, Ida's estate consisted of only the 72nd Street property. The will does not convey the 72nd Street Property to the Dirk Trust.

5. The will specifically gave Dirk, individually, a life estate in the real estate, provided "that Dirk keep the property in good repair and pay any and all expenses of the residence including, but not limited to, expenses necessary to adequately insure and maintain the property; utilities, taxes, insurance premiums, and assessments." This life estate "does not include the right to lease the premises."

6. Dirk's life estate would be terminated only upon one of the following three conditions being satisfied: (1) Dirk's death; (2) Dirk's failure to occupy the premises for six consecutive months or more; or (3) where Dirk did not adequately "keep the property in good repair and pay any and all expenses of the residence including, but not limited to, expenses necessary to adequately insure and maintain the property; utilities, taxes, insurance premiums, and assessments."

7. The unambiguous language of Ida's will indicates that Dirk, in his individual capacity, was responsible for the maintenance and upkeep of the 72nd Street property during his

life estate. No clause in the will anticipates that the expenses of the life estate would be paid out of the rest of the Estate or Dirk Trust. The Will clearly anticipates that non-payment of expenses or non-maintenance of the property would end the life estate. In this event, the 72nd Street property would be sold or would become part of the residue of the Estate and divided equally amongst the five (5) children.

8.  Article VII of Ida's will creates a trust for the benefit of Dirk. Terry was named as Trustee with authority to expend Trust funds for Dirk's benefit, including funds for the upkeep of any residence in which Dirk resides. Even so, the Dirk Trust was never funded. Terry purportedly expended his own funds for the benefit of Dirk, including improvements to the 72nd Street residence.

9.  Terry further argues that he unilaterally acted as personal representative of Ida following Vickie's failure to carry out her duties. Terry contends that the expenditures were spent under the authority of his office of personal representative.

10.  The Will specifically names Vickie Gow as Inepentent Executor. Terry Ferguson was named successor executor and authorized to serve only in the event that a Court of competent jurisdiction declared Vickie unable to serve. This Court appointed Vickie as the Independent Executor of the Estate on June 29, 2018. Since then, this Court has not removed her from office, nor has this Court found that she has been derelict in her duties.

11.  Terry further argues that funds were expended in furtherance of his duties as Trustee of the Dirk Trust. This Trust is a testamentary trust which springs forth only when a will is admitted into probate. The Will was not admitted into probate until June 2018, therefore the Trust could not have come into existence until June 2018. As such, the Trustee would not have been able to act until June 2018.

3

12. The existence of a beneficiary must be shown in order for there to be a valid trust. Dirk Ferguson Sr. passed in 2017. No trust could therefore be established after the day of Dirk's death.

*B. Declaratory Judgment*

13. Terry's Petition for Declaratory Judgment is denied. Terry was not appointed Executor or Representative of the Estate. Therefore, Terry Ferguson's request for $234,921.07 is denied.

14. Legal title to the 72nd Street property is vested in the Estate. The Court denies Terry's request to title the 72nd Street property in his name.

15. The Estate of Ida Cardwell is entitled to immediate possession of the 72nd Street property.

16. The Court understands that a tenant currently rents and resides in the 72nd Street property. Ida's Estate is granted leave to file an eviction action for the 72nd Street property.

17. The portion of the this Court's July 17, 2019 Order which authorized Terry to access the premises at 7038 W. 72nd Street is hereby vacated. The rest of the July 17, 2019 Order remains in effect. Terry is now prohibited from being within five-hundred (500) feet of the property located at 7038 W. 72nd Street, unless authorized by future Court Order.

18. The Estate is now responsible for the maintenance and upkeep of the 72nd Street property, including but not limited to the payment of taxes, utilities, repairs, landscape maintenance, and insurance premiums.

19. The Estate may list the 72nd Street property with a licensed broker.

20. All parties may submit claims for reimbursement for the expenses of administration of the Estate by March 11, 2020.

21. This case is set for status in Room 1814 on March 12, 2020 at 10:00 AM.

ENTER:

February 20, 2020
Date

Judge Terrence McGuire          No.

*ENTERED FEB 20 2020*
*DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL — DEPUTY CLERK*